# Bowser's Appeal.

1. When a vendor institutes an action founded upon a contract for the sale of land, recovers a judgment for the purchase money and proceeds by execution to sell the land, he must be construed as selling all the estate in the land which he agreed to sell to the defendant.

2. In such case the vendor's lien on the property sold is prior to all others, and must be first satisfied out of the proceeds of the sheriff's sale.

3. A., the equitable owner of land in Indiana county, agreed to sell the same to B., and took as security for a part of the purchase money B.'s judgment bond, which was entered up in Indiana county, and for the balance B. & C.'s judgment bond which was entered up in Butler county. The purchase money not being paid according to the agreement of sale, A. issued execution in Indiana county and the land was sold to D. for a sum greater than the unpaid portion of the purchase money: *Held*, under

[Bowser's Appeal.]

the rule above stated and the circumstances of the case that the defendants in the Butler county judgment were entitled to have the same ·satisfied of record.

November 22d 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, and STERRETT, JJ. GREEN, J., absent.

APPEAL of M. S. Bowser to the use of Elizabeth Bowser from a decree of the Court of Common Pleas of *Butler county :* Of July Term 1882, No. 243.

This was an appeal from an order of the Common Pleas of Butler county making absolute a rule to show cause why a certain judgment confessed by William Dick and H. H. Dick, to M. S. Bowser should not be satisfied of record.

The facts of the case were as follows : Upon May 15th 1876, Matthias S. Bowser agreed to convey to H. H. Dick, a certain mill property, with twenty-seven acres of land, situate in Cherry Hill township, Indiana county, for the consideration of $8,155 to be paid as follows : $2,000 cash ; April 1st 1877, $765 ; April 1st 1878, $1,070 ; April 1st 1879, $1,022 ; April 1st 1880, $974 ; April 1st 1881, $926 ; April 1st 1882, $878 ; April 1st 1883, $520. Insurance of $3,000 to be paid by Dick until the first three installments were paid, and the deed to be made as soon as convenient. To secure the first three installments, Dick gave his bond on which judgment was entered in Indiana county to June Term 1876. To secure the other installments, H. H. Dick and William Dick gave their bond for $3,308, with warrant of attorney, on which judgment was entered in Butler county, May 16th 1876.

At the time of making this agreement of sale, Bowser had only an equitable title under articles of agreement with William Houk, who was the legal owner.

The first installment of $765, due April 1st 1877, not being paid at that time, Bowser issued execution therefor, upon April 5th 1877, under which the mill property in Indiana county was levied upon and sold on June 15th 1877, to John McGuire for $7,750.

On April 9th 1877, William Dick presented a petition to the Court of Common Pleas of Butler county, alleging fraud upon Bowser's part, by which he induced H. H. Dick to purchase the property from him, upon which the court opened the judgment as to William Dick and granted an issue ; the rule as to H. H. Dick being discharged. The issue thus formed was continued from time to time and does not appear to have ever been determined.

On October 28th 1878, both defendants presented their petition to the Common Pleas of Butler county, likewise alleging fraud by Bowser, and averring that the sheriff's ·sale in Indiana

county on the bond therein entered, discharged the bond and judgment entered thereon in Butler county for the remaining installments of the purchase money.

A rule was granted, as prayed for, to show cause why the Butler county judgment should not be satisfied of record, under which rule depositions were duly taken. Upon September 18th 1879, this rule was made absolute by the court, no opinion being filed.

From this order of the court Elizabeth Bowser, the equitable plaintiff by virtue of an assignment executed October 18th 1879, took this appeal, assigning for error the decree of the court making absolute the rule to show cause why the said judgment should not be satisfied of record.

*Thompson, Bowser* and *Scott*, for appellant.—Bowser, the vendor, had only an equitable title, and could sell no more than that. He and his vendee together only owned an equitable interest, and, therefore, a levy and sale of the property under his judgment did not reunite in the purchaser the legal and equitable titles as in Purviance *v.* Lemon, 16 S. & R. 292 ; Graff *v.* Kelly, 7 Wright 453, and other cases relied on by the appellees. The sheriff's vendee merely bought Dick's title and the right to complete the purchase by fulfilling the latter's contract. There was no merger of the two estates: Graff *v.* Kelly, 7 Wright 455 ; Bradley *v.* O'Donnel, 8 Casey 280 ; Love *v.* Jones, 4 Watts 470. There is no case in which a judgment has been thus held to be extinguished which was a lien upon other property in another county. This judgment was an independent lien, was never intended to be a lien in Indiana county and cannot be extinguished by the sale in that county.

*McCandless, Greer* and *Colbert,* for appellees.—The sheriff's sale of the equitable interest of H. H. Dick, the vendee, by the vendor, Bowser, was a rescission of the contract and a total extinguishment of it and of all remedies on it by Bowser.

The contract was rescinded and the articles of agreement were extinguished by the act of Bowser, and he could proceed no further to collect purchase money : Purviance *v.* Lemon, 16 S. & R. 292 ; Graff *v.* Kelly, 7 Wright 453 ; Graff's Ex'r. ; Kelly's Ex'r. ; Love Ex'rs. *v.* Jones, 4 Watts 465 ; Day *v.* Lowrie, 5 Watts 412.

Bowser was entitled to the purchase money at the sheriff's sale, $7,750, no matter in what order of time the judgments stood on the record, and this more than paid the balance of his purchase money, and he cannot receive it from two sources. His purchase money is all paid, and in no instance can he get more than his purchase money or take back the land itself :

Ziegler's Appeal, 19 Smith 471; Love Ex'rs. *v.* Jones, 4 Watts 465.

Mr. Justice GORDON delivered the opinion of the court, January 2d 1883.

On the 15th of May 1876, Mathias S. Bowser entered into a contract with H. H. Dick, by which he, Bowser, agreed to sell, and upon payment of the purchase money, to make, or cause to be made, a good and sufficient deed in fee simple to Dick, for a certain tract of land situated in Cherry Hill township, Indiana county.

Dick, on the other hand, agreed to pay to Bowser, as a full consideration for said land, the sum of eight thousand one hundred and sixty-five dollars, in certain payments running to April 1st 1883, as in said contract is set forth. Two thousand dollars of this purchase money were paid in hand, and the balance was put into two bonds; one executed by the vendee alone for two thousand eight hundred and fifty-seven dollars, the other for three thousand three hundred and eight dollars, by himself and William Dick as surety. The first of these was entered to June Term 1876, in Indiana county, and the second in Butler county on the 16th of May of the same year. It may now be observed, in passing, that upon default in the payment of this money, Bowser had three remedies: Ejectment, covenant on the agreement, or execution on the judgments as above stated. If it be said that he could not pursue the first and second of these remedies, for that he himself had but an equitable title under articles of agreement with William Houk, we answer, under ordinary circumstances this might be true, and the objection, if there were any thing in it, would apply as well to the third remedy as to the others. But, in fact, it applies to neither, for the legal title was potentially, if not actually, in him. He could have it by paying the purchase money to Houk, and his agreement with Dick was a result of the assumption that the legal title was already vested in him, or would be on the fulfillment of Dick's covenants. He thus put himself in the position of a trustee of the legal title for his vendee, since through him, and through no one else, the deed must come to Dick. Therefore, were it of any special importance to the disposition of this case, we might treat him as the owner of the fee.

It further appears, that one of the payments of the Indiana bond, which fell due on the first of April 1877, not having been paid, Bowser caused an execution to be issued, and a levy to be made on the property, which in due course was exposed to sale and sold to one John McGuire, for the sum of seven thousand seven hundred and fifty dollars, an amount, if the

statements of counsel have given us the correct sum, quite sufficient to pay off the purchase money in full.

Under these circumstances we are inclined to think the defendants were entitled to a satisfaction of both the purchase-money judgments, not only that in Indiana, but also that in Butler county.

The rule of law, as settled by the court in this case of Love v. Jones, 4 Watts 465, and in many other cases, the last of which is that of McKay v. Orr, not yet reported, is this: When a vendor institutes an action founded upon a contract for the sale of land, and recovers a judgment for the purchase money, or what is the same thing, takes and enters up a judgment bond or note therefor, and then proceeds by execution to sell the land, he must be considered as selling all the estate in the land, whatever that may be, which he agreed to sell to the defendant. Furthermore, the vendor's lien on the property thus sold, is prior to all others, and must be first satisfied out of the proceeds of the sheriff's sale.

Under this statement of the rule governing cases of this kind, how, we ask, is it possible for the vendor to compel the specific execution of a contract which he, by his own act, has abrogated? As was said by WOODWARD, Justice, in Graff v. Kelly, 7 Wr. 453 : "The law of the land entered into and became part of the contract, hence it may be said that the vendee is living up to his contract, when he insists that it is extinguished by the acts of the vendor." Bowser has by his own act put it entirely out of his power to comply with his part of the agreement. His right together with Dick's passed to the purchaser at the sheriff's sale. He has no longer any right to demand a deed from Houk, how then is he to make one to Dick as he agreed to do? Or is Dick to pay his purchase money and get nothing for it? Not so. The rule of law as well as the dictates of justice forbid such a solution of the question. But why, if, as is said to be the fact, this property sold for enough to pay off the entire amount of the purchase-money, does Bowser yet claim the Butler county judgment? I find no answer to this question in the paper book. Perhaps the plaintiff thought that his only lien was that of his Indiana county judgment, hence, claimed only that much of the proceeds of the sheriff's sale. But if so, he made a serious mistake, for notwithstanding the judgments, his lien as vendor continued and was, first of all, entitled to the proceeds arising from the sheriff's sale.

If, however, he did make such a mistake, it was his own, not Dick's, and he must abide by it and bear the loss.

The judgment is affirmed.